UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-14027-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff/Judgment Creditor,

v.

JEFFREY H. KNOX,

    Defendant/Judgment Debtor,

and

TD BANK,

    Garnishee.

_____/

## REPORT AND RECOMMENDATION ON THE ABOVE GARNISHEE'S DEMAND FOR ATTORNEY FEES (DE 73)

**THIS CAUSE** comes before this Court upon an Order of Reference (DE 76) of the above Demand for Attorney Fees (DE 73). Having reviewed the above Demand and related filings, this Court recommends as follows:

    1. The criminal proceeding against Defendant, Jeffrey Knox, concluded with the imposition of judgment against him. That judgment included an assessment of $100 and a fine of $200,000 plus statutory interest. To collect on that judgment, the Plaintiff applied for (DE 71), and was granted (DE 72), a Writ of Garnishment against the above Garnishee, TD Bank. The Writ of Garnishment was issued pursuant to 28 U.S.C. § 3205.

2. The Garnishee answered the Writ (DE 73) denying that it owed any money to the Defendant. In its Answer, the Garnishee also demanded "that the sums deposited into the registry of the Court to secure this Writ to be paid to TD Bank's attorney as reimbursement for costs expended in responding to this Writ of Garnishment." The Garnishee next restated its demand for payment of "statutory garnishment fees". The Garnishee does not specifically cite what statute underlies its request. Presumably the Garnishee means § 77.28, Fla. Stat. Of note, the Plaintiff did not deposit any money into the Court's registry when it applied for the Writ.

3. The Plaintiff responds it opposition to the attorney fee demand. Simply put, it sought the Writ of Garnishment under Federal law, and Federal law does not provide for an award of attorney fees to a garnishee. The Garnishee did not reply. Consequently this Court finds that the Garnishee has no legal basis to seek a statutory attorney fee award. Furthermore, in light of the fact that the Garnishee is not indebted to the Defendant, this Court finds that the Writ should be dissolved. This Court reaches this finding without consideration of the underlying merits of the Writ.

**ACCORDINGLY**, this Court recommends to the District Court that the Garnishee's Demand for Attorney Fees be **DENIED** and that the Writ of Garnishment against it (DE 72) be **DISSOLVED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this ___ day of July, 2013.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. K. Michael Moore
Vivian Rosado, AUSA
Barry J. Glickman, Esq.

Address to where the Plaintiff gave notice of the Writ to the Defendant:

Jeffrey H. Knox
2486 SW Creekside Dr.
Palm City, FL  34990