UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-14027-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff/Judgment Creditor,

v.

JEFFREY H. KNOX,

    Defendant/Judgment Debtor,

and

TEACHER'S INS. & ANNUITY ASSOCIATION,

    Garnishee.
_____/



## REPORT AND RECOMMENDATION ON THE WRIT OF GARNISHMENT (DE 75)

    **THIS CAUSE** comes before this Court upon an Order of Reference (DE 82) of the above Writ of Garnishment. Having reviewed the Writ of Garnishment and the Garnishee's Answer (DE 80), this Court recommends as follows:

    1.    The criminal proceeding against Defendant, Jeffrey Knox, concluded with the imposition of judgment against him. That judgment included a special assessment of $100 and a fine of $200,000 plus statutory interest. To collect on that judgment, the Plaintiff applied for (DE 78), and was granted by the Clerk of Court (DE 75), a Writ of Garnishment against the above Garnishee, Teacher's Ins. & Annuity Ass'n ("TIAA-CREF"). The Writ of Garnishment was issued pursuant to 28 U.S.C. § 3205.

2.   The Garnishee answered the Writ (DE 80) admitting that it owes the Judgment Debtor, Jeffrey Knox, money. In light of the Writ, the Garnishee has restricted the account, and it has stopped payments to him. It is awaiting further instructions from the court.

3.   Pursuant to 28 U.S.C. § 3202(b), the Writ of Garnishment informed Mr. Knox of his right to object to the Writ or otherwise respond to it. His objection/response, as the Writ advised, is due "within twenty days after you receive this Notice." Additionally the Writ of Garnishment instructed TIAA-CREF that it "must serve a copy of this writ [along with its answer to the Writ] upon the Defendant". That twenty day period has run, and Mr. Knox has responded neither to the Writ, itself, nor to the Garnishee's Answer.

4.   Notwithstanding the lack of response, this Court does not find the United States entitled to relief on the Writ of Garnishment. This is because the record does not show that the Judgment Debtor was given proper notice of the garnishment proceeding in the first place. Title 28 U.S.C. § 3202(c) requires the United States to serve "[a] copy of the notice and a copy of the application for granting a remedy under this subchapter . . . on the judgment debtor against whom such remedy is sought". This Court notes that the United States' Application for Writ of Garnishment (DE 78) contains no Certificate of

Service showing that notice was given to Mr. Knox. The Answer to the Writ suggests that the Garnishee, TIAA-CREF, did send a copy of its Answer to Mr. Knox, but there is no record of whether its Answer included a copy of the Writ or the required "Notice to Debtor Pursuant to 28 U.S.C. § 3202(b)" information.

5. Even if the United States and/or TIAA-CREF had indeed sent notice of all required information to Mr. Knox, there is another notice defect. Title 28 U.S.C. § 3004(c) requires the United States to exercise "reasonable diligence" in serving the Judgment Debtor with notice of the garnishment proceeding. This Court observes that the address for Mr. Knox that the United States uses in its Writ of Garnishment (and to where the United States directs the Garnishee to correspond with him) is a residential, Palm City, Florida address. This Court further notes that the address to where the Garnishee sent a copy of its Answer is an address in Stowe, Vermont. There is no indication that any Writ of Garnishment-related papers were sent to Mr. Knox at his place of incarceration or to either his criminal or habeas corpus counsel. This Court finds that the United States, in the exercise of reasonable diligence, could have found (and thus used for notice purposes) the address where Mr. Knox currently physically is located.

**ACCORDINGLY**, given the lack of proper notice to the Judgment Debtor, this Court recommends to the District Court

that the Writ of Garnishment against Garnishee, TIAA-CREF, (DE 75) be **DISSOLVED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this _13th_ day of August, 2013.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. K. Michael Moore
Vivian Rosado, AUSA

Gale P. McEvilley
Senior Individual Consultant
TIAA-CREF Individual & Institutional Services, LLC
8500 Andrew Carnegie Blvd.
Charlotte, NC  28262

Addresses where the Judgment Creditor
was given notice of the Writ:

Jeffrey H. Knox
2486 SW Creekside Dr.
Palm City, FL  34990

~and~

Jeffrey H. Knox
122 North Road
Stowe, VT  05672-4371